FILED
Clerk
District Court

OCT 14 2004

For The Northern Mariana Islands
By_____
(Deputy Clerk)

LEONARDO M. RAPADAS
United States Attorney
JAMIE D. BOWERS
Assistant U.S. Attorney
DISTRICT OF THE NORTHERN
MARIANA ISLANDS
Horiguchi Building, Third Floor
P.O. Box 500377
Saipan, MP 96950-0377
Telephone: (670) 236-2986
Fax:        (670) 236-2985

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. 04-00032 |
| Plaintiff, ) | |
| vs. ) | **PLEA AGREEMENT** |
| DIONICIO A. LIZAMA ) | |
| Defendant. ) | |

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, DIONICIO A. LIZAMA, enter into the following plea agreement:

1. The defendant, Dionicio A. Lizama, will waive Indictment and plead guilty to an Information charging him with conspiracy to distribute 5 grams or more of methamphetamine "ice" between about March, 2004 and June 25, 2004, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and 846. The defendant understands that this offense is punishable by the following maximum penalties: (a) up to 40 years imprisonment without the possibility of parole and a mandatory minimum sentence of 5 years; (b) a fine of up to $2,000,000.; (c) a mandatory special assessment of $100; and (d) a term of supervised release of at least (4) years and up to a maximum of life.

2. The defendant understands that restitution and a term of supervised release following



incarceration may be imposed in addition to any other sentence. The defendant further acknowledges that if he violates, at any time, any condition of supervised release, he could be returned to prison for the full term of supervised release and the court is not required to grant credit for any amount of time the defendant may have successfully completed on supervised release.

3. At the time the guilty plea is entered, the defendant will admit that he is guilty of the charge specified in Paragraph 1 of this agreement. The U.S. Attorney's Office for this District will file no additional Title 21, drug charges based upon information now in our possession or information later provided by the defendant under the conditions set forth below. If this office becomes aware of evidence of additional crimes warranting criminal prosecution, all information in our possession could be used in such a prosecution.

4. Defendant agrees to fully and completely cooperate with the United States Attorney's Office and other law enforcement agencies in the investigation of criminal activity within the District of The Northern Mariana Islands and elsewhere.

5. Full and complete cooperation with the United States Attorney's Office and law enforcement agencies shall include but is not limited to the following:

    A. providing intelligence information;

    B. arranging for the purchases of controlled substances or other evidence by defendant and/or undercover agents;

    C. providing the introduction of undercover agents to controlled substance traffickers and/or other targets of the investigation;

    D. providing information to secure search warrants, if feasible;

    E. providing testimony before the federal grand jury and, if necessary, testimony before any court as a witness in any prosecutions growing out of this or any related investigation;

    F. providing any documents or other items in the defendant's custody,

        possession or under the defendant's control that are relevant to this or any related investigation;

   G.   making defendant available for interview and debriefing sessions by government attorneys and law enforcement agents upon request;

   H.   recording conversations related to any investigation as requested; and

   I.   engaging in and conducting other activities as directed by the law enforcement agents in charge of the investigation.

6. The defendant will provide complete and truthful information to the government, law enforcement officers and the federal grand jury conducting this investigation. The defendant will answer all questions concerning this investigation and will not withhold any information. The defendant will neither attempt to protect any person or entity through false information or omission, nor falsely implicate any person or entity. The defendant will at all times tell the truth and nothing but the truth during any interviews or as a witness, regardless of who asks the questions - the prosecutors, defense attorneys, investigating agents, probation officers or the judge. Since the United States insists upon the defendant telling the truth and nothing but the truth during any court proceeding, grand jury proceeding or government interview related to this case, failure to provide complete and truthful information at any such time will constitute a breach of this agreement.

7. No testimony or other information provided by the defendant pursuant to this agreement to the United States Attorney's Office, federal or state law enforcement officers, employees of the government, or to the federal grand jury conducting this investigation, or any information directly or indirectly derived from such testimony or other information, will be used against the defendant for the purpose of bringing additional Title 21 drug-related charges in the District of the Northern Mariana Islands, provided the defendant does not violate or withdraw from the terms of this agreement pursuant to which the grant of "limited use immunity" is being made. However, such testimony or other information may and will be used

1        A.     in a prosecution for perjury or giving a false statement;

2        B.     to impeach the defendant's credibility, for purposes of cross-examination and for purposes of a rebuttal case in any proceeding;

4        C.     in any asset forfeiture matter;

5        D.     by the court or probation office at any time, including at the time of the defendant's guilty plea and sentencing in this matter and to determine the length of the defendant's sentence; and

8        E.     in any proceeding concerning a breach of this agreement.

The "limited use immunity" granted by this agreement extends only to acts committed by the defendant on or before the date shown at the top of this agreement and does not apply to any prosecution for acts committed by the defendant after that date. Further, this agreement grants no immunity whatsoever for any information provided by the defendant pertaining to any death, murder, rape or forcible felony. It is agreed that information provided by the defendant in the course of any "proffer" may be relied upon and considered under the terms and conditions of this agreement. The defendant understands the obligation of the United States to provide all information in its file regarding the defendant to the United States Probation Office and the court.

       8. The defendant shall not reveal or discuss the existence or conditions of this agreement or the defendant's cooperation to any person other than the defendant's attorney and law enforcement personnel involved in this investigation. Nor shall the defendant or any agent of the defendant disclose to any person, directly or indirectly, other than to the defendant's attorney, without prior written authorization from the government, the true identity or occupation of any law enforcement personnel participating in this investigation in an undercover capacity or otherwise. Nor shall the defendant or any agent of the defendant disclose to any person, without prior written approval of the government, the location of investigative offices, surveillance locations, or the nature of investigative techniques used by agents in this investigation. Nothing in this paragraph is intended to restrict or prohibit the defendant from providing complete and

truthful testimony in any court proceeding. Furthermore, this agreement does not prohibit the defendant from speaking with an attorney for a party adverse to the government in any litigation concerning the defendant's possible testimony in that litigation. While the defendant is under no obligation to speak with such an attorney, the defendant is free to do so if the defendant chooses. That decision rests solely with the defendant as it does with any witness.

9.  Nothing in this agreement requires the government to accept any cooperation or assistance that the defendant may offer or propose. The decision whether and how to use any information and/or cooperation that the defendant provides (if at all) is in the exclusive discretion of the United States Attorney's Office.

10. The United States makes no promises as to the sentence to be imposed. The District Court will impose sentence in accordance with the U.S. Sentencing Guidelines, which establish a sentencing range based on factors determined to be present in the case. Those factors may include, but are not limited to, the quantity of drugs involved, the defendant's role in the offense, his criminal history, his acceptance or lack of acceptance of responsibility and other considerations. During plea negotiations the parties may have discussed how various factors could impact on the sentence and the applicability of potential sentencing ranges. The parties agree, however, that these discussions **did not** result in any express or implied promise or guarantee concerning the actual sentence to be imposed. The defendant further understands that he will have no right to withdraw his guilty plea if the sentence imposed or the application of the U.S. Sentencing Guidelines is other than he hoped for or anticipated.

11. The defendant hereby waives any right he may possess to have sentencing factors charged by indictment and found by a jury beyond a reasonable doubt, and expressly agrees and consents that any and all facts relevant to sentencing shall be determined by the Court by a preponderance of the evidence.

12. The parties stipulate and agree that the U.S. Sentencing Guidelines are appropriately applied as follows:

A.  The parties stipulate and agree that pursuant to USSG §§1B1.8(a) and 2D1.1, the appropriate base offense level is 26, based upon the defendant's involvement in between 5 and 20 grams of pure methamphetamine.

B.  The parties agree that it is proper for the Court to consider as relevant conduct, in connection with the determination of the appropriate base offense level for Count 1, information contained in the government's file and provided by the defendant under the terms of this agreement.

C.  The parties stipulate and agree that there should be no upward or downward adjustment for his role in the offense under USSG §§3B1.1 and 3B1.2.

D.  The parties stipulate and agree that as of the date of this agreement, defendant appears to qualify for a two- level downward adjustment for acceptance of responsibility based upon his early agreement to plead guilty to the charge named in paragraph 1. However, the government shall be free to contest this adjustment should the defendant subsequently fail to continue to accept responsibility by failing to pay the special assessment; by providing false information to the court, probation office, or the government; by unlawfully using controlled substances; by attempting to obstruct justice; by breaching this plea agreement; or by acting or failing to act in any way that is inconsistent with the granting of the adjustment under USSG § 3E1.1(a). If the defendant continues to accept responsibility and the court grants a two-level reduction under USSG §3E1.1(a), the United States agrees to make a motion under USSG §3E1.1(b) for an additional one-level reduction, acknowledging the timeliness of the defendant's decision to plead guilty. By making a motion under USSG §3E1.1(b) the United States does not waive any potential objection to the application of USSG §3E1.1(a).

13. The defendant, his attorney and the United States may make whatever comment and evidentiary offer they deem appropriate at the time of the guilty pleas, sentencing or any other proceeding related to this case, so long as the offer or comment does not violate any other provision of this agreement. The parties are also free to provide all relevant information to the probation office for use in preparing the pre-sentence report.

14. At or before the time of sentencing, the United States will advise the court of any assistance, or lack thereof, provided by the defendant in the investigation of criminal activity within the District of the Northern Mariana Islands and elsewhere, or in the prosecution of other persons who have committed criminal offenses. The United States may, but shall not be required to, make a motion pursuant to § 5K1.1 of the United States Sentencing Guidelines requesting the court to depart below the sentencing range called for by the sentencing guidelines in the event defendant provides "substantial assistance." This decision shall be in the sole discretion of the United States Attorney's Office and will be made independently with respect to each applicable count to which defendant has agreed to plead guilty. The government may make this motion as to any, all or none of the counts to which defendant has agreed to plead guilty. No downward departure for "substantial assistance" may be made absent a government motion under § 5K1.1.

15. The United States may, but shall not be required to, make a motion pursuant to 18 U.S.C. § 3553(e) allowing the court to depart below the minimum mandatory sentence required by statute for any offense to which defendant has agreed to plead guilty in the event the defendant provides "substantial assistance." This decision shall be in the sole discretion of the United States Attorney's Office. The defendant understands and agrees that any motion for "substantial assistance" under USSG § 5K1.1, as described above, is independent from a possible motion under this paragraph. The United States may make either, neither or both motions. This decision shall be in the sole discretion of the United States Attorney's Office. No downward departure below a mandatory minimum may be made absent a government motion under 18 U.S.C. § 3553(e) separate from a motion under USSG § 5K1.1.

16. It is understood and agreed that no motion for downward departure shall be made, under any circumstances, unless the defendant's cooperation is deemed "substantial" by the United States Attorney's Office and defendant has fully complied with all provisions of this plea agreement. The United States has made no promise, implied or otherwise, that a departure motion will be made or that defendant will be granted a "departure" for "substantial assistance." Further, no promise has been made that a motion will be made for departure even if the defendant complies with the terms of this agreement in all respects, but has not, in the assessment of the United States Attorney's Office, provided "substantial assistance."

17. The United States will consider the totality of the circumstances, including but not limited to the following factors, in determining whether, in the assessment of the United States Attorney's Office, the defendant has provided "substantial assistance" which would merit a government request for a downward departure and the government's view as to the appropriate extent of any departure:

    A.    the government's evaluation of the significance and usefulness of any assistance rendered by the defendant;

    B.    the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;

    C.    the nature and extent of the defendant's assistance;

    D.    any injuries suffered or any danger or risk of injury to the defendant or family members resulting from any assistance provided;

    E.    the timeliness of any assistance provided by the defendant; and

    F.    other benefits received by the defendant in the plea agreement.

18. The defendant understands and agrees that the government has gathered extensive evidence in the course of its investigation and further, that no departure motion will be made on the basis of information or cooperation provided by the defendant if such information or cooperation is merely cumulative of information already in the possession of the United States.

19. It is understood and agreed that even if a motion for departure is made by the government based upon the defendant's "substantial assistance," the final decision as to how much, if any, reduction in sentence may be warranted because of that assistance rests solely with the district court.

20. The defendant agrees and understands that he shall not be permitted to withdraw his plea of guilty or otherwise fail to comply with the terms of this agreement in the event he is not satisfied with the government's "substantial assistance" motion decision or the court's sentence in the case.

21. The defendant agrees to pay a special assessment of $100 as required by 18 U.S.C. § 3013. Payment must be in the form of a <u>money order</u> made out to the "U.S. District Clerk of Court." The special assessment must be paid before this signed agreement is returned to the U.S. Attorney's Office. If defendant fails to pay the special assessment prior to sentencing, defendant stipulates that a downward adjustment for acceptance of responsibility under USSG § 3E1.1 is not appropriate unless the court finds defendant has no ability to pay prior to the sentencing.

22. The defendant agrees to fully and truthfully provide the U.S. Attorney's Office with any information or documentation in his possession or control regarding his financial affairs and agrees to submit to a debtor's examination if requested. The defendant agrees to provide this information whenever requested until such time any judgment or claim against him, including principal and interest, is satisfied in full. This information will be used to evaluate his capacity to pay any claim or judgment against him.

23. The defendant shall not violate any local, state or federal law during the pendency of this agreement. Any law violation, with the exception of speeding or parking tickets, committed by the defendant will constitute a breach of this agreement and may result in the revocation of the entire agreement or any of its terms. The defendant or his attorney shall notify this office within 48 hours if the defendant is questioned, charged or arrested for any law violation.

24. If the defendant violates **any** term or condition of this plea agreement, in **any** respect,

the entire agreement will be deemed to have been breached and may be rendered null and void by the United States. The defendant understands, however, that the government may elect to proceed with the guilty plea and sentencing. These decisions shall be in the sole discretion of the United States. If the defendant does breach this agreement, he faces the following consequences: (1) all testimony and other information he has provided at any time (including any stipulations in this plea agreement) to attorneys, employees or law enforcement officers of the government, to the court, or to the federal grand jury, may and will be used against him in any prosecution or proceeding; (2) the United States will be entitled to pursue additional charges against the defendant and to use any information obtained directly or indirectly from the defendant in those additional prosecutions; and (3) the United States will be released from any obligations, agreements or restrictions imposed upon it under this plea agreement.

25. After conferring with his attorney and after being advised of his appeal rights, the defendant knowingly and voluntarily waives his right to appeal his conviction and the sentence imposed. The defendant retains his right to appeal or contest his sentence in the following limited circumstances: (1) if the sentence imposed exceeds the maximum statutory penalty; or (2) if the sentence is unconstitutionally defective. Further, after being fully advised of the implications, the defendant knowingly and voluntarily waives his right to file post-conviction relief actions, including actions pursuant to 28 U.S.C. §§ 2255 and 2241, *coram nobis* actions and motions to reconsider or reduce his sentence. This waiver does not, however, prevent him from challenging the effectiveness of his attorney after conviction and sentencing. Defendant does not have any complaints at this time about the effectiveness of his attorney. The waivers set out above relate to any issues which now exist or which may arise in the future. The defendant agrees to these waivers in order to cause the government to accept the provisions of this plea agreement, to avoid trial, and to have his case finally concluded. The defendant understands that at the conclusion of his sentencing hearing, the court will note that the defendant's appeal rights are limited by this waiver.

10

26. The defendant waives all claims he may have based upon the statute of limitations, the Speedy Trial Act, and the speedy trial provisions of the Sixth Amendment to the Constitution. The defendant also agrees that any delay between the signing of this agreement and the final disposition of this case constitutes excludable time under 18 U.S.C. § 3161 *et seq.* (the Speedy Trial Act) and related provisions.

27. The defendant understands that his sentencing may be continued, at the sole discretion of the United States, until after the indictment and trial of any associates involved. This will also enable the Court to determine the full degree of the defendant's cooperation. The defendant therefore waives any right he may have to any speedy sentencing and hereby agrees to any continuance of his sentencing date as it may become necessary.

28. In the event the defendant is called upon to testify on behalf of the government in any proceeding, the defendant agrees to waive any and all claims for witness fees and/or expenses which might otherwise be due the defendant under any statute, regulation or other provision of law pertaining to such fees and/or expenses.

29. Any agreement to forego filing charges is conditional upon final resolution of this matter. If this agreement is revoked or the defendant's conviction is ultimately overturned, the United States retains the right to file charges which were not filed because of this agreement. Uncharged offenses may be filed if: (1) the plea agreement is revoked, or (2) the defendant successfully challenges his conviction through a final order in any appeal, cross-appeal, habeas corpus action or other post-conviction relief matter. A final order is an order not subject to further review or an order which no party challenges. The United States may reinstate any dismissed counts or file any uncharged offenses within 90 days of the filing date of the final order. The defendant waives all constitutional and statutory speedy trial rights he may have. The defendant also waives all statute of limitations or other objections or defenses he may have related to the timing or timeliness of the filing or prosecution of charges referred to in this paragraph.

30. The defendant understands and agrees that, consistent with the provisions of 18

11

U.S.C. § 3143, he will be taken into or remain in custody at the conclusion of the guilty plea hearing and will be detained pending sentencing. This is regardless of whether his plea is immediately accepted or formal acceptance is deferred until a later date.

31. The defendant understands that to establish the offense of conspiracy to distribute methamphetamine " ice", a violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B) and 846, the government must prove each of the following elements beyond a reasonable doubt:

First: Between about March 2004 and June 25, 2004, two or more individuals, knowingly and intentionally agreed and conspired to distribute to others a quantity of methamphetamine "ice", a Schedule ll controlled substance, in the District of the Northern Mariana Islands.

Second: The defendant voluntarily and intentionally joined the agreement and understanding to distribute methamphetamine "ice", either at the time the agreement was first reached or at some later time while it was still in effect.

Third: At the time that the defendant joined in the agreement, he knew that the purpose of the agreement was to distribute methamphetamine "ice".

Fourth: In the course of the conspiracy, the defendant distributed, possessed with intent to distribute, and was responsible for over 5 grams of methamphetamine in the form commonly known as "ice".

32. The defendant acknowledges that he has read each of the provisions of this entire plea agreement with the assistance of counsel and understands its provisions. He has discussed the case and his constitutional and other rights with his attorney. The defendant understands that by entering a plea of guilty he will be giving up his right to plead not guilty; to trial by jury; to

confront, cross-examine and compel the attendance of witnesses; to present evidence in his defense; to remain silent and refuse to be a witness against himself by asserting his privilege against self-incrimination and to be presumed innocent until proven guilty beyond a reasonable doubt. The defendant agrees that his attorney has represented him in a competent manner and has no complaints about that lawyer's representation. The defendant states that he is not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, whether prescribed by a physician or not, which would impair his ability to fully understand the terms and conditions of this plea agreement.

33. The defendant acknowledges that he is entering into this plea agreement and is pleading guilty freely and voluntarily because he is guilty and for no other reason. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between himself and the government (other than those specifically described in this plea agreement), without promise of benefit of any kind (other than any matters contained in this plea agreement) and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law.

34. The defendant further understands that he will be adjudicated guilty of the offense to which he will plead guilty and may thereby be deprived of certain rights, including but not limited to, the right to vote, to hold public office, to serve on a jury and to possess firearms. The defendant understands that the government reserves the right to notify any state or federal agency by whom he is licensed, or with whom he does business, of the fact of his conviction.

35. This agreement, **valid only if executed on or before August 13, 2004**, supersedes any prior understandings, promises or conditions between the government and defendant. No other promises of any kind, express or implied, have been made to the defendant by the United States or its agents and no additional agreement may be entered into unless in writing and signed by all parties.

The undersigned defendant, with advice of counsel, accepts the terms of this plea agreement.

The undersigned Assistant United States Attorney accepts the terms of the executed plea agreement.

Dated: 7/30/04  _____
DIONICIO A. LIZAMA, Defendant

Dated: 7/30/04  _____
DANILO T. AGUILAR, Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
District of the Northern Mariana Islands
By,

Dated: 8/13/04  _____
JAMIE D. BOWERS
Assistant U.S. Attorney